UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| EUGENE BOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:08-cv-1088-DFH-TAB |
| | ) | |
| THOMAS GAUNT, | ) | |
| DONALD R. LUNDBERG, | ) | |
| | ) | |
| Defendants. | ) | |

# E N T R Y

    This cause is before the court on the plaintiff's objection to the ruling of April 3, 2009, in which the court denied his motion for judgment to award him the dollar amount sought in his civil rights complaint. In the objection now before the court, the plaintiff seeks recusal of the undersigned and of the assigned Magistrate Judge.

    The plaintiff supports his request for recusal through his view that the judicial officers assigned to this action have disregarded Rule 4(m) of the *Federal Rules of Civil Procedure* and have therefore lost or forfeited subject matter jurisdiction over the plaintiff and his claims in this case.  The court has already pointed out to the plaintiff that the district court lacks jurisdiction over most matters associated with the case while an appeal is pending; but this does not appear to be the focus of the plaintiffs objection.  Instead, it is evident that the plaintiff seeks recusal because of the rulings in the case. The Supreme Court pointed out in *Liteky v. United States*, 510 U.S. 540, 555 (1994), that judicial rulings alone "almost never constitute [a] valid basis for a bias or partiality motion." This is because adverse rulings against a party are not evidence of bias. *Matter of Huntington Commons Associates,* 21 F.3d 157, 158-59 (7th Cir. 1994); *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions.").

      Legally incorrect rulings are proper grounds for appeal, not for recusal. *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be."). Although the plaintiff has failed to demonstrate any legally incorrect rulings were made in this action, his appeal from the disposition has been docketed in the Court of Appeals and is proceeding.  This provides him the proper forum in which his arguments can be addressed.  His objection to the ruling of April 3, 2009 (dkt 31), treated as a request for recusal of the assigned judicial officers, is **denied.**

      So ordered.

                                                 *[signature]*
                                        DAVID F. HAMILTON, CHIEF JUDGE
                                        United States District Court
Date: May 4, 2009                      Southern District of Indiana

Distribution:

Eugene Bowers
DOC #882244
Correctional Industrial Facility
P.O. Box 601
Pendleton, IN 46064